UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD WILLIAMS,

               Plaintiff,

    v.

BIER INTERNATIONAL, LLC, OUSMANE KEITA, and CHRISTOPHER POLLACK, each in their individual and professional capacities,

               Defendants.

Case No. 14 Civ. 03894 (LTS)

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FILOSA LAW FIRM, PLLC
Gregory N. Filosa
111 John Street, Suite 2510
New York, New York 10038
Tel.:   (212) 256-1780
Fax:   (212) 256-1781
gfilosa@filosalaw.com
*Counsel for Defendants*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS

   I.   UNDISPUTED FACTS............................................................................................ 2

   II.   DISPUTED FACTS ................................................................................................ 3

LEGAL ARGUMENT

   I.   SUMMARY JUDGMENT STANDARD .................................................................. 4

   II.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY FOR FAILURE TO PAY OVERTIME WAGES SHOULD BE DENIED ....................... 5

       A.   THERE ARE GENUINE ISSUES OF FACT REGARDING THE HOURS THAT PLAINTIFF WORKED ....................................................................................... 5

       B.   PLAINTIFF WAS AN EXEMPT MANAGERIAL EMPLOYEE DURING PORTIONS OF THE RELEVANT TIME PERIOD ................................................................. 7

       C.   TO THE EXTENT THAT PLAINTIFF IS ENTITLED TO OVERTIME COMPENSATION, PLAINTIFF IS ONLY ENTITLED TO OVERTIME PREMIUMS AT A RATE OF ONE-HALF TIMES PLAINTIFF'S REGULAR RATE ........................................ 9

   III.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIQUIDATED DAMAGES UNDER THE FLSA AND NYLL SHOULD BE DENIED ........................................................................................................ 11

CONCLUSION ...................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASE LAW**

*American Mfrs. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*,
388 F.2d 272 (2d Cir. 1967) ........................................................................................  5

*Berrios v. Nicholas Zito Racing Stable, Inc.*,
849 F. Supp. 2d 372 (E.D.N.Y. 2012) .........................................................................  9

*Blackmon v. Brookshire Grocery Co.*,
835 F.2d 1135 (5th Cir. 1988) .....................................................................................  10

*Brock v. Superior Care. Inc.*,
840 F.2d 1054 (2d Cir. 1988) ......................................................................................  11

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S. Ct. 2548 (1986) .........................................................................  4

*Cityspec, Inc. v. Smith*,
617 F. Supp. 2d 161 (E.D.N.Y. 2009) .........................................................................  4-5

*Clements v. Serco, Inc.*,
530 F.3d 1224 (10th Cir. 2008) ...................................................................................  10

*Desmond v. PNGI Charles Town Gaming, L.L.C.*,
630 F.3d 351 (4th Cir. 2011) .......................................................................................  10

*Egelston v. State University College*,
535 F.2d 752 (2d Cir. 1976) ........................................................................................  4

*Gallo v. Prudential Residential Services,*
22 F.3d 1219 (2d Cir. 1994) ........................................................................................  4

*Gunawan v. Sake Sushi Restaurant*,
No. 09 Civ. 5018(ALC), 2011 U.S. Dist. LEXIS 96639, (E.D.N.Y. Aug. 26, 2011) ...........  6

*Gordon v. Rite Aid Corp.*,
2012 U.S. Dist. LEXIS 54071 (S.D.N.Y. Mar. 9, 2012) ..............................................  9

*Jaroslawicz v. Seedman*,
528 F.2d 727, 731 (2d Cir. 1975) ................................................................................  5

*Klein v. Torrey Point Grp., LLC,*
979 F. Supp. 2d 417 (S.D.N.Y. 2013) .........................................................................  10

*Li Ping Fu v. Pop Art Int'l Inc.*,
10 Civ. 8562 (DLC)(AJP), 2011 U.S. Dist. LEXIS 113614 (S.D.N.Y. Sept. 19, 2011) ....... 12

*Overnight Motor Transp. Co. v. Missel*,
316 U.S. 572 (1942) ................................................................................................... 10

*Paguay v. Buona Fortuna, Inc.*,
No. 11 Civ. 6266 (LTS), 2013 U.S. Dist. LEXIS 107561 (S.D.N.Y. July 31, 2013) ............ 6

*Paz v. Piedra*,
No. 09 Civ. 03977(LAK)(GWG), 2012 U.S. Dist. LEXIS 4034 (S.D.N.Y. Jan. 12, 2012) . 11-12

*Pineda-Herrera v. Da-Ar-Da, Inc.*,
2011 U.S. Dist. LEXIS 57121 (E.D.N.Y. May 26, 2011) ....................................................... 12

*Ramos v. Baldor Specialty Foods, Inc.*,
687 F.3d 554  (2d Cir. 2012) ................................................................................................. 7

*Rios v. Neighborhood Constr. Corp.*,
No. 07 Civ. 8701 (LTS), 2009 U.S. Dist. LEXIS 95629 (S.D.N.Y. Oct. 14, 2009) ............. 11

*Schoenbaum v. Firstbrook*,
268 F. Supp. 385 (S.D.N.Y. 1967), *aff'd in part, rev'd in part on other grounds*, 405 F.2d 215 (2d Cir. 1968), *cert. denied*, 395 U.S. 906 (1969) ........................................................... 5

*Siegel v. Bloomberg L.P.*,
No. 13 Civ. 1351 (DLC), 2015 U.S. Dist. LEXIS 5602 (S.D.N.Y. Jan. 16, 2015) ............... 6

*Urnikis-Negro v. Am. Fantily Property Servs.*,
616 F.3d 665 (7th Cir. 2010) ................................................................................................. 10

*Valerio v. Putnam Assocs., Inc.*,
173 F.3d 35 (1st Cir. 1999) ................................................................................................. 10

**STATUTES**

29 U.S.C. § 213(a)(1) ................................................................................................................. 7

**RULES AND REGULATIONS**

29 CFR § 541.100 ....................................................................................................................... 7

**PRELIMINARY STATEMENT**

Plaintiff Donald Williams ("Williams" or "Plaintiff") brings this action and alleges that Defendants Bier International, LLC ("Bier International" or the "Restaurant") and it's owner/operators Ousmane Keita and Chris Pollok[1] (collectively, "Defendants") failed to pay Plaintiff appropriate minimum wage and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff now moves for summary judgment on the following issues: (1) Defendants' liability for failure to pay overtime wages as required by the FLSA and NYLL, and (2) Defendants' liability for liquidated damages under both the FLSA and NYLL.

As demonstrated more fully below and in Plaintiff's Local Rule 56.1 Counterstatement in Opposition to Plaintiff's Motion for Partial Summary Judgment,[2] there are a number of disputed issues of fact that preclude summary judgment on behalf of Plaintiff. Specifically, the following facts – among others – are in dispute and preclude granting Plaintiff's motion:

(1) The parties have a fundamental dispute over the number of hours that Plaintiff claims that he was working. *See* Defs. 56.1 Stmt. ¶¶ 30-45.

(2) The parties dispute the amount of compensation that Defendants paid Plaintiff during the course of his employment with Defendants. *See* Defs. 56.1 Stmt. ¶¶ 6, 46-47.

(3) The parties dispute whether Plaintiff's weekly salary was meant to compensate him for only the first forty hours that he worked (as Plaintiff alleges in the

---

[1] The Complaint and caption misstate Defendant Christopher Pollok's last name as "Pollack."

[2] Defendants Rule 56.1 Counterstatement in Opposition to Plaintiff's Motion for Partial Summary Judgment is cited herin as "Defs. 56.1 Stmt., ¶ __."

1

Complaint) or whether it was meant to compensate him for all the hours that he worked, regardless of the number. *See* Defs. 56.1 Stmt. ¶¶ 8, 48-49.

(4) The parties will likely have a dispute over whether Plaintiff was exempt under the FLSA's and NYLL's executive exemption.[3] *See infra*, at pp. 7-9.

As a result of these disputed issues of material fact, especially when viewing the evidence in the light most favorable to Defendants as the non-moving party and drawing all inferences in Defendants' favor, it is clear that these disputed issues preclude the relief that Plaintiff requests through this motion. Therefore, Defendants respectfully request that the Court deny Plaintiff's motion in its entirety.

## STATEMENT OF FACTS

### I. UNDISPUTED FACTS

Plaintiff began performing work for Defendants in or around August 2010, the time period that Defendants were preparing to open the Restaurant to the public. *See* Defs. 56.1 Stmt., ¶¶ 1, 15. According to Plaintiff, from the start of his employment in August 2010, he was in charge of running the Restaurant, which included, supervising the staff, doing inventory, getting change, instructing staff as to what was going on a particular day, and handling duties related to closing the Restaurant on a daily basis. *See* Defs. 56.1 Stmt. ¶ 16.

Over time, Plaintiff's responsibilities changed – according to him, they continued to "grow and grow" – and were increased to include the following: handling ordering for the Restaurant, being responsible for glass wear, being responsible for oversight of repairs to the basement, "maintaining a smooth operation," solving problems, and assisting everyone when needed. *See* Defs. 56.1 Stmt. ¶ 17. Plaintiff testified that Mr. Keita and Mr. Pollok were not

---

[3] Plaintiff's motion does not address the executive exemption under the FLSA and NYLL, however, Defendants expect that Plaintiff would dispute that he was an exempt managerial employee during any of the time period relevant to this claim.

always at the Restaurant, but were "in and out" and that he was "running things." *See* Defs. 56.1 Stmt. ¶ 18. Plaintiff also testified that, over time, Mr. Keita and Mr. Pollok began to listen to his input which, according to Plaintiff, was becoming "more and more valuable." *See* Defs. 56.1 Stmt. ¶ 19. Plaintiff also testified that the only area that he had to get approval from Mr. Keita or Mr. Pollok was to spend money. *See* Defs. 56.1 Stmt. ¶ 19.

Plaintiff's employment with Defendants continued until December 30, 2013, at which point he resigned his employment with Defendants. *See* Defs. 56.1 Stmt. ¶ 20.

## II.    DISPUTED FACTS

Plaintiff and Defendants have a fundamental dispute over the number of hours that Plaintiff claims that he was working and the amount of compensation that he was paid for this work. In the Complaint, Plaintiff alleges that he worked seventy-nine hours, sixty-seven and one-half hours, and sixty-two and one-half hours during different periods of his employment with Defendants, however Defendants dispute that contention. *See* Defs. 56.1 Stmt. ¶¶ 41-43. Beyond the fact that Defendants dispute the hours that Plaintiff claims that he was working, Plaintiff has also failed to support these allegations with credible evidence as his deposition testimony was wildly inconsistent[4] and contrary to many of the allegations in his Complaint. *See* Defs. 56.1 Stmt. ¶¶ 21-24, 30-45.

There is also a genuine dispute over the amount of compensation that Defendants paid Plaintiff during the course of his employment with Defendants. *See* Defs. 56.1 Stmt. ¶¶ 6, 46-47. While Plaintiff alleges that he was never paid more than the $300 or $400 weekly salary outlined in the Complaint, Defendants have produced records that establish otherwise. *See* Defs. 56.1 Stmt. ¶¶ 46-47.

---

4    For example, at one point in his deposition, Plaintiff claims that he was never late and never left early, but he backed away from that claim when presented with emails that showed that he either arrived late for work or left early. *See* Defs. 56.1 Stmt. ¶¶ 34-40.

3

The parties also dispute whether Plaintiff's weekly salary was meant to compensate him for only the first forty hours that he worked (as Plaintiff alleges in the Complaint) or whether it was meant to compensate him for all the hours that he worked, regardless of the number. *See* Defs. 56.1 Stmt. ¶¶ 8, 48-49. In his Complaint, Plaintiff alleges that Plaintiff's weekly salary "was meant to cover only Plaintiff's first forty hours worked per week." *See* Defs. 56.1 Stmt. ¶ 47. However, this allegation is directly contradicted by Plaintiff's deposition testimony:

> Q: How much had you been paid at that point?
> A: $300.
> Q: Per week?
> A: Yes.
> Q: Was that in return for all the hours that you worked?
> A: Yes.
>    \*     \*     \*     \*     \*
> Q: So it was your understanding at that point you were going to continue to be paid $300 a week?
> A: Correct.
> Q: That was in return for all of the hours that you worked in a week?
> A: Yes.

*See* Defs. 56.1 Stmt. ¶ 48.

## LEGAL ARGUMENT

### I.   SUMMARY JUDGMENT STANDARD

The granting of a summary judgment motion is a drastic remedy which must be used "sparingly." *Gallo v. Prudential Residential Serv.*, 22 F.3d 1219 (2d Cir. 1994); *Egelston v. State Univ. College*, 535 F.2d 752 (2d Cir. 1976). Because of the drastic nature of summary judgment, courts have circumscribed the remedy. The judicial standard applied in granting the motion is narrow as the motion must be denied if any genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986). Further, the party moving for summary judgment has the burden of establishing this burden after drawing all inferences in favor of the non-moving party. *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y.

2009). If there is any doubt as to the existence of a triable issue of fact or if a material issue of fact is arguable, summary judgment must be denied. *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir. 1975).

Fact issues, including those involving witness credibility and inconsistencies in the opposing parties' summary judgment papers and proofs, can only be resolved at trial. *American Mfrs. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272 (2d Cir. 1967). The district court's role on a summary judgment motion is limited to issue finding only, not issue resolution. *Gallo*, 22 F.3d at 1219; *Jaroslawicz*, 528 F.2d at 727. Thus, if the movant's papers depend heavily upon the credibility of witnesses, the motion must be denied. *American Mfrs. Mutual Ins. Co.*, 388 F.2d at 284-85; *Schoenbaum v. Firstbrook,* 268 F. Supp. 385 (S.D.N.Y. 1967), *aff'd in part, rev'd in part on other grounds*, 405 F.2d 215 (2d Cir. 1968), *cert. denied*, 395 U.S. 906 (1969).

II.  **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY FOR FAILURE TO PAY OVERTIME WAGES SHOULD BE DENIED**

Plaintiff's motion for summary judgment on liability for failure to pay overtime under the FLSA and NYLL fails for two primary reasons: first, Plaintiff cannot conclusively establish that he worked in excess of forty hours per week in each of the weeks that he claims that he did; second, Plaintiff was an exempt managerial employee for portions of the time period for which he seeks overtime compensation.

A.  THERE ARE GENUINE ISSUES OF FACT REGARDING THE HOURS THAT PLAINTIFF WORKED

While Plaintiff baldly asserts that "it is undisputed that Plaintiff worked in excess of forty hour per week between August 2010 and March 17, 2013" (*see* Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment ("Pltf. Memo"), at 6), that is simply not

5

true. As outlined above and in Defendants' Counterstatement, there are genuine issues of fact regarding the number of hours that Plaintiff worked, including whether Plaintiff worked in excess of forty hours in a given week, during the time period relevant to his claim for overtime damages that render summary judgment in appropriate. *See* Defs. 56.1 Stmt. ¶¶ 4, 21-24, 30-45.

As this Court has previously held, where there is a dispute over the hours that an employee worked or the compensation that they were paid, as there is in this case, especially when there is a lack of records, summary judgment is inappropriate. *See Paguay v. Buona Fortuna, Inc.*, No. 11 Civ. 6266 (LTS), 2013 U.S. Dist. LEXIS 107561, at *11-13 (S.D.N.Y. July 31, 2013) ("Given this conflicting testimony, the Court finds that 'the issue of wages paid for hours worked is essentially one of credibility, and for that reason it is inappropriate for resolution at the summary judgment stage.'") (citing *Gunawan v. Sake Sushi Restaurant*, No. 09 Civ. 5018(ALC), 2011 U.S. Dist. LEXIS 96639 (E.D.N.Y. Aug. 26, 2011)); *see also Siegel v. Bloomberg L.P.*, No. 13 Civ. 1351 (DLC), 2015 U.S. Dist. LEXIS 5602, at *15-18 (S.D.N.Y. Jan. 16, 2015) (finding that a dispute as to the hours that the plaintiffs worked was a "factual dispute that require[s] a trial").

As this Court noted in *Paguay*, summary judgment is also inappropriate at this stage because it would require the Court to rely on the credibility of Plaintiff's allegations in the Complaint and his deposition testimony. As outlined in Defendants' Rule 56.1 Counterstatement, there are serious issues regarding Plaintiff's credibility that make summary judgment inappropriate.[5] *See* Defs. 56.1 Stmt. ¶¶ 21-24, 34-40

---

[5]   Further undermining Plaintiff's credibility is the fact that Plaintiff is currently under investigation by the New York State Department of Labor for fraudulently receiving unemployment benefits (which required him to certify, on a weekly basis, that he was not currently working in order to receive benefits) while at the time receiving compensation from Defendants for his work at the Restaurant. *See* Defs. 56.1 Stmt. ¶¶ 26-29. This fact must be considered when assessing the credibility of Plaintiff's claims as to the hours that he worked.

### B. PLAINTIFF WAS AN EXEMPT MANAGERIAL EMPLOYEE DURING PORTIONS OF THE RELEVANT TIME PERIOD

The FLSA exempts employees "employed in a bona fide executive . . . capacity" from coverage under the law's overtime and minimum wage provisions. See 29 U.S.C. § 213(a)(1). Because the NYLL "applies the same exceptions as the FLSA," the analysis of Plaintiff's claims under the FLSA and NYLL are the same. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 n.1 (2d Cir. 2012).

Under the FLSA, an employee is employed in a "bona fide executive capacity" if the following conditions are met:

> (1) The employee is compensated on a salary basis at a rate of not less than $ 455 per week, exclusive of board, lodging or other facilities;
> (2) The employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) The employee customarily and regularly directs the work of two or more other employees; and
> (4) The employee has the authority to hire or fire other employees (or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight).

29 CFR § 541.100.

Plaintiff's own deposition testimony confirms that, from the start of his employment with Defendants, he was exercising duties that qualify as exempt under the FLSA's executive exemption (or at the very least create a genuine issue of fact as to whether Plaintiff was performing exempt work). See Defs. 56.1 Stmt. ¶ 16-19. Specifically, Plaintiff testified that, from the start of his employment, he was "running the restaurant," which included supervising staff, and that over time, Defendants began to listen to Plaintiff's input which, according to him, was becoming "more and more valuable." See Defs. 56.1 Stmt. ¶ 16, 19. Defendants also confirmed that Plaintiff would suggest individuals for Defendants to hire, subject only to

7

Defendants' approval. *See* Defs. 56.1 Stmt. ¶ 19. Indeed, Plaintiff testified that the only area where he needed to get Defendants' approval was over spending the Restaurant's money. *See* Defs. 56.1 Stmt. ¶ 19.

Therefore, the only question that remains under an analysis of the executive exemption is whether Plaintiff satisfies the salary component of the exemption. As outlined in Defendants' Counterstatement, Defendants have presented evidence that shows that, during portions of the time period relevant to Plaintiff's claim, Defendants paid Plaintiff a salary[6] that exceeded the thresholds under the FLSA. Specifically, Defendants have presented evidence that shows that Plaintiff was paid a salary in excess of $455 for the following weeks, which also fall within the time period that Plaintiff is seeking overtime compensation:

(1) For the thirteen weeks ending July 3, 2011 through September 25, 2011, Defendants paid Plaintiff a weekly salary of $500. *See* Def. 56.1 Stmt. ¶¶ 46c.

(2) For the week ending June 3, 2012, Defendants paid Plaintiff a weekly salary of $500. *See* Def. 56.1 Stmt. ¶ 47b.

(3) For the week ending July 22, 2012, Defendants paid Plaintiff a weekly salary of of $500. *See* Def. 56.1 Stmt. ¶ 47d.

(4) For the two weeks ending August 26, 2012 through September 2, 2012, Defendants paid Plaintiff a weekly salary of $500. See Def. 56.1 Stmt. ¶ 47e.

(5) For the three weeks ending September 16, 2012 and September 30, 2012, Defendants paid Plaintiff a weekly salary of $500. *See* Def. 56.1 Stmt. ¶ 47f.

(6) For the week ending September 23, 2012, Defendants paid Plaintiff a weekly salary of $600. *See* Def. 56.1 Stmt. ¶ 47h.

---

[6] Plaintiff cannot dispute that he was paid on a salary basis because, during his deposition, he repeatedly referred to his compensation as a salary and testified that he was not an hourly employee. *See* Def. 56.1 Stmt. ¶ 49.

8

Thus, Defendants paid Plaintiff a salary that exceeded the threshold for the FLSA's executive exemption for twenty-one weeks during the time period relevant to Plaintiff's complaint. At the very least, the foregoing establishes that there are genuine issues of fact regarding whether Plaintiff was exempt from the FLSA's and NYLL's overtime requirements during the time period relevant to Plaintiff's complaint. *See Gordon v. Rite Aid Corp.,* 2012 U.S. Dist. LEXIS 54071, *35 (S.D.N.Y. Mar. 9, 2012) (denying employer's motion for summary judgment as to the executive exemption because "disputes regarding the nature of an employee's duties are questions of fact") (internal quotations and citations omitted). As a result, Defendants respectfully submit that granting Plaintiff summary judgment as to liability for overtime compensation would be improper for this reason as well.

C. **TO THE EXTENT THAT PLAINTIFF IS ENTITLED TO OVERTIME COMPENSATION, PLAINTIFF IS ONLY ENTITLED TO OVERTIME PREMIUMS AT A RATE OF ONE-HALF TIMES PLAINTIFF'S REGULAR RATE**

In his brief (and in Plaintiff's Complaint), Plaintiff claims that his weekly salary was only meant to compensate Plaintiff for the first forty hours of Plaintiff's workweek. *See* Pltf. Memo at 5; Def. 56.1 Stmt. ¶ 48.[7] In support of this contention, Plaintiff cites to case law establishing that there is rebuttable presumption that an employee's weekly salary is meant to compensate the employee for the first forty hours of work per week. *See* Pltf. Memo, at 5 (citing *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012)). However, Plaintiff's argument fails for one fundamental reason: Plaintiff testified that his weekly salary was not meant to compensate him for only the first forty hours that he worked in a particular week, but for all the hours that he worked in a given week, regardless of how many hours he worked. *See* Defs. 56.1 Stmt. ¶¶ 48-49.

---

[7]   It is not clear if Plaintiff has abandoned this argument because, later in his memo, he states that, "[i]t is also undisputed, indeed Defendants' admit, that they paid Plaintiff a flat weekly wage regardless of how many hours he worked." *See* Pltf. Memo, at 6.

Where, as here, there is a clear, mutual understanding between the employer and the employee that the employee's weekly wages are meant to compensate the employee for all hours worked, no matter their number, the regular rate is calculated by dividing the employee's weekly wages by the total hours worked and the employee would then be owed a 50% premium of that wage for each hour of overtime. *See Klein v. Torrey Point Grp., LLC,* 979 F. Supp. 2d 417, 438 (S.D.N.Y. 2013) ("when an employee has been misclassified as exempt from overtime protections and the parties have mutually agreed that a flat weekly wage would compensate the employee for all his hours, no matter their number, *Missel* provides the correct method to calculate overtime damages: the effective wage should be calculated by dividing the flat wage by the total hours worked" and the employee would be owed a 50% premium of that wage for each hour of overtime) (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942)).

While the Second Circuit has not addressed this issue, each of the circuit courts that has done so has held that this is the appropriate method for calculating overtime compensation in a case such as this. *See Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351 (4th Cir. 2011); *Urnikis-Negro v. Am. Fantily Property Servs.*, 616 F.3d 665 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008); *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988).

Thus, it is clear that, to the extent that Defendants are liable to Plaintiff for overtime compensation for weeks that he was paid less than the $455 threshold for the executive exemption, the appropriate measure of damages is one-half times Plaintiff's regular rate of pay (calculated by dividing plaintiff's weekly salary by the total number of hours that this salary was

intended to compensation Plaintiff for – and not only the first forty hours as Plaintiff appears to argue). [8]

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIQUIDATED DAMAGES UNDER THE FLSA AND NYLL SHOULD BE DENIED

Plaintiff's Complaint includes a demand for not only liquidated damages under both the FLSA and the NYLL, but also interest under the NYLL. *See* Def. 56.1 Stmt. ¶ 25. While Defendants recognize that liquidated damages under the FLSA or NYLL "are the norm,"[9] as this Court has previously held, a plaintiff cannot recover liquidated damages under the FLSA while also seeking interest under the NYLL claim. See *Rios v. Neighborhood Constr. Corp.*, No. 07 Civ. 8701 (LTS), 2009 U.S. Dist. LEXIS 95629, at *4-6 (S.D.N.Y. Oct. 14, 2009) (citing *Brock v. Superior Care. Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) ("it is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages"). Thus, Plaintiff is not entitled to recover liquidated damages under both the FLSA and the NYLL while also seeking interest under the NYLL. As a result, Plaintiff's motion for summary judgment on the issue of Plaintiff's entitlement to liquidated damages under both the FLSA and NYLL should be denied.

There is also a dispute among courts within this district as to whether Plaintiff is entitled to recover damages under both the FLSA and NYLL for the same violation. *See Paz v. Piedra*, No. 09 Civ. 03977(LAK)(GWG), 2012 U.S. Dist. LEXIS 4034, at *36-38 (S.D.N.Y. Jan. 12, 2012) (collecting cases). While Plaintiff cites *Li Ping Fu v. Pop Art Int'l Inc.*, 10 Civ. 8562

---

[8] To the extent that Plaintiff is simply arguing that that Defendants cannot claim that Plaintiff's weekly salary included an overtime premium of one-half Plaintiff's regular rate of pay, Defendants never made such an argument and never intended to do so.

[9] As a result, to the extent there is any liability under the FLSA or NYLL, Defendants do not argue that they had a good faith defense under 29 U.S.C. § 260 or NYLL § 198(1-a).

(DLC)(AJP), 2011 U.S. Dist. LEXIS 113614 (S.D.N.Y. Sept. 19, 2011), in support of his argument that he is entitled to liquidated damages under both the FLSA and the NYLL (*see* Plaintiff's Memo, at p. 8), Magistrate Judge Peck actually held to the contrary in that case. *See Li Ping Fu*, 2011 U.S. Dist. LEXIS 113614, at * 18 ("Because both forms of liquidated damages serve the same purpose *and* have the same practical effect of deterring wage violations and compensating underpaid workers, this Court will award only the greater amount of liquidated damages under the FLSA.") (emphasis in original). Further, as Magistrate Judge Peck noted the rationale for holding that an employee cannot recover liquidated damages under both the FLSA and the NYLL " is even more true now that the New York Labor Law's liquidated damages provision has been amended to mirror the FLSA by providing 100% liquidated damages." *Id.* at n.9.

Further, in *Pineda-Herrera v. Da-Ar-Da, Inc.*, 2011 U.S. Dist. LEXIS 57121, at *16 (E.D.N.Y. May 26, 2011), also cited approvingly by Plaintiff in his memorandum (*see* Pltf. Memo at p. 7), the court held that damages were not available under both the FLSA and NYLL. Finally, Defendants note that this Court has previously held that a plaintiff's NYLL claims were subsumed by, and thus double liquidated damages were unavailable, during the two- or three-year FLSA period. See *Rios,* 2009 U.S. Dist. LEXIS 95629, at 4-6. This is especially true, here, where Plaintiff is seeking liquidated damages under both the FLSA and NYLL and pre-judgment interest under the NYLL.

In light of the foregoing, Defendants respectfully submit that Plaintiff is not entitled to summary judgment on the issue of liquidated damages.

**CONCLUSION**

As outlined more fully above, there disputed issues of material fact, especially when viewing the evidence in the light most favorable to Defendants as the non-moving party and drawing all inferences in Defendants' favor, that preclude the relief that Plaintiff requests through this motion. Therefore, Defendants respectfully request that the Court deny Plaintiff's motion in its entirety.

FILOSA LAW FIRM, PLLC

Dated: April 6, 2015      By: _____
     New York, New York              Gregory N. Filosa

111 John Street, Suite 2510
New York, New York 10038
Tel.:   (212) 256-1780
Fax:   (212) 256-1781
gfilosa@filosalaw.com

*Counsel for Defendants*