UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DONALD WILLIAMS,

       Plaintiff,

  -v-                                                                             No. 14CV03894-LTS-JCF

BIER INTERNATIONAL, LLC, and
OUSMANE KEITA and CHRISTOPHER
POLLACK, each in their individual and
professional capacities,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

       Donald Williams ("Plaintiff") brings this action for unpaid overtime and minimum wages against Bier International, LLC ("Bier"), Ousmane Keita ("Keita"), and Christopher Pollok ("Pollok"; collectively, "Defendants") under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1367. Plaintiff has moved for partial summary judgment. After carefully considering the parties' submissions, that motion is denied.

<u>BACKGROUND</u>

       The parties agree that Plaintiff worked at Defendants' restaurant (the "Restaurant") from August 2010 until December 31, 2013. (Defs. 56.1 Stmt. ¶¶ 1, 15, Docket Entry No. 26.) Defendants Keita and Pollok are the co-owners of Bier, through which they own the Restaurant. (Compl. ¶¶ 10-11, 14, Docket Entry No. 1.)

       Plaintiff claims he worked "in excess of forty hours per week from August 2010 through March 17, 2013." (Pl. 56.1 Stmt. ¶ 4, Docket Entry No. 22.) Although Defendants

admit that they did not record Plaintiff's hours worked (Defs. 56.1 Stmt. ¶ 10), they dispute, based on the deposition testimony of Keita and Pollok, that Plaintiff worked over forty hours every week.  (Id. ¶¶ 4, 21-24, 41-43.)  Defendants also point to Plaintiff's admissions in his deposition that he took a ten-day vacation each October (id. ¶ 4), and one to two days off from work in various other instances (id. ¶¶ 21-24), as evidence that he did not work over forty hours every week.

The parties agree that, between August 2010 and January 2011, Defendants paid Plaintiff a flat sum of $300 each week.  (Id. ¶ 5.)  Plaintiff claims he earned $400 per week beginning sometime in 2011.  (Pl. 56.1 Stmt. ¶ 6.)  Defendants assert that, based on their payroll records, there were twenty-one weeks during which Plaintiff received more than $455 per week, and an additional week in which he earned $600.  (Defs. 56.1 Stmt. ¶¶ 46-47.)

Defendants assert that Plaintiff was "in charge of running the [R]estaurant," which meant "supervising the staff, doing inventory, getting change, instructing staff as to what was going on a particular day, handling closing duties."  (Id. ¶ 16.)  Plaintiff's input to Keita and Pollok became "more and more valuable" over time, and he would suggest employees for Keita and Pollok to hire.  (Id. ¶ 19.)

## DISCUSSION

Plaintiff moves for summary judgment on two issues: (1) whether Defendants are liable under the FLSA and the NYLL for failure to pay Plaintiff overtime wages; and (2) whether Plaintiff can recover liquidated damages under both the FLSA and the NYLL.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  In making this determination, courts view all facts in the light most favorable to the nonmovant.  Matthews v. City of New York, 779 F.3d 167, 171 (2d Cir. 2015).

The FLSA and the NYLL require employers to pay employees one and one-half times their regular wage for any hours worked over forty in a week.  29 U.S.C.S. § 207(a)(1) (LexisNexis 2015); 12 N.Y. Comp. Codes R. & Regs. tit. 12 § 142–2.2.[1]  "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated."  Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011).  A plaintiff must "'produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  Id. (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)).  A plaintiff can meet this burden through "estimates based on his own recollection."  Id. at 362.  "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  Id. (internal quotation marks omitted).

Here, the number of hours Plaintiff worked is genuinely disputed.  Defendants did not keep time records.  Plaintiff asserts that he worked over forty hours each week during the specified period.  The Restaurant's co-owners, Pollok and Keita, stated in their depositions, however, that Plaintiff did not work over forty hours every week.  Defendants also point to Plaintiff's admissions at his deposition that he took a ten-day vacation every year and other miscellaneous days off throughout the time period as evidence of the implausibility of his assertion.  Where there is such "conflicting testimony," courts have found that "how many hours

---

[1]   The NYLL largely "mirrors the FLSA" in its "wage and overtime compensation provisions".  Suggs v. Crosslands Transp., Inc., No. 13-CV-6731 ARR MDG, 2015 WL 1443221, at *5 (E.D.N.Y. Mar. 27, 2015).

Plaintiff worked . . . is essentially [a question] of credibility" and thus inappropriate for resolution on summary judgment.  Paguay v. Buona Fortuna, Inc., No. 11 CIV. 6266 LTS, 2013 WL 3941088, at *3-4 (S.D.N.Y. July 31, 2013); see also, e.g., Pik Quan Leong v. 127 Glen Head Inc., No. 13-CV-5528 ADS AKT, 2015 WL 2036694, at *4 (E.D.N.Y. May 4, 2015) (conflicting testimony on hours worked precluded granting summary judgment for employee).  "Ultimately, the dispute as to the precise amount of [Plaintiff's] work is one of fact for trial."  Kuebel, 643 F.3d at 364.

Executive Exemption

Defendants argue that there is also a genuine issue of material fact as to whether Plaintiff even qualifies for overtime pay.

Employers do not have to pay time-and-a-half to individuals "employed in a bona fide executive . . . capacity."  29 U.S.C.S. § 213(a)(1) (LexisNexis 2015).  The Department of Labor has defined an employee employed in a "bona fide executive capacity" as one:  (1) "[c]ompensated on a salary basis at a rate of not less than $455 per week"; (2) "[w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof"; (3) "[w]ho customarily and regularly directs the work of two or more other employees"; and (4) "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a).  New York law requires a minimum weekly salary of $543.75 for its substantially similar executive exemption.  N.Y. Comp. Codes R. & Regs. tit. 12 § 142–2.14(c)(4)(i)(e).

Plaintiff admits there is a genuine dispute about his duties at the restaurant.  (Pl. Reply Br. 7, Docket Entry No. 31.)  Furthermore, Defendants have presented evidence of several weeks in which Plaintiff earned more than $455 and one week in which he earned more than $543.75.  Whether Plaintiff qualifies as exempt from overtime pay under the FLSA and the NYLL is thus another issue that precludes granting Plaintiff's summary judgment motion.

<u>Liquidated Damages Under FLSA And NYLL</u>

Plaintiff asks the Court to grant summary judgment on the issue of whether Plaintiff may recover liquidated damages under both the FLSA and the NYLL.  Because liability has not yet been established against Defendants, such a decision by the Court on damages would be merely advisory.  <u>See</u> <u>Transcience Corp. v. Big Time Toys, LLC</u>, 50 F. Supp. 3d 441, 451 n.6 (S.D.N.Y. 2014) ("An advisory opinion constitutes a decision of law concerning a set of facts which are hypothetical or speculative, facts which do not now exist and whose existence is not imminent." (internal quotation marks omitted)).  The Court need not address the issue at this stage.  <u>See, e.g.</u>, <u>Asher Associates, L.L.C. v. Baker Hughes Oilfield Operations, Inc.</u>, No. CIV.A. 07-CV-01379WY, 2009 WL 1468709, at *2 (D. Colo. May 20, 2009) (declining on summary judgment to "make an advisory opinion prohibiting the Plaintiffs from seeking certain damages on their contract claims at trial").

CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is denied. This Memorandum Opinion and Order resolves docket entry no. 19. The stay of the pre-trial schedule is hereby lifted. The final pre-trial conference will be held on October 23, 2015, at 10:00 A.M. In advance of that date, the parties must meet with Judge Francis to discuss settlement and must consult with each other and make pre-conference submissions as set forth in the Pre-Trial Scheduling Order (docket entry no. 8).

SO ORDERED.

Dated: New York, New York
July 21, 2015

       s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge